## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| LISA MAGENHEIMER AND JACOB MAGENHEIMER AS HEIRS TO THE ESTATE OF AND FOR THE WRONGFUL DEATH OF BRIAN MAGENHEIMER; | §<br>§<br>§<br>§<br>§ | |
| **Plaintiffs** | §<br>§ | §  CIVIL NO. 1:19-cv-00003 |
| VS. | §<br>§<br>§ | |
| JAMES CONSTRUCTION GROUP, LLC AND PRIMORIS SERVICES CORPORATION<br>    Defendants | §<br>§<br>§<br>§ | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

PLAINTIFFS, Lisa Magenheimer and Jacob Magenheimer as heirs to the Estate of and for the Wrongful Death of Brian Magenheimer, file this Original Complaint, alleging as follows:

### I.
### NATURE OF THE CASE

1.1     This negligence case arises from the death of Brian Magenheimer. His estate and wrongful death beneficiaries bring this action to recover for damages suffered following a car crash on January 1, 2017 caused by Defendants James Construction Group LLC and Primoris Services Corporation.

## II.
## PARTIES

2.1     Plaintiffs Lisa Magenheimer and Jacob Magenheimer are residents and citizens of Texas. Lisa was the wife of Brian Magenheimer and Jacob was the biological son. Plaintiffs bring this action on their own behalf and on behalf of the Estate of Brian Magenheimer.

2.2     Defendant James Construction Group, LLC ("James Construction") is a California limited liability company with a principal place of business at 26000 Commercentre Drive, Lake Forest, California 92630. Its registered agent for the service of process in the State of Texas is Corporation Services Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. At all times material hereto, James Construction was authorized to, and was doing business in, the state of Texas.

2.3     Defendant Primoris Services Corporation ("Primoris Services") is foreign corporation incorporated in the State of Delaware with its principal place of business in the State of California. Its registered agent for the service of process in the State of Texas is Corporation Services Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. At all times material hereto, Primoris Services was authorized to, and was doing business in, the state of Texas.

## III.
## JURISDICTION & VENUE

3.1     The District Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars, exclusive of interest and costs. Plaintiffs are citizens of Texas. Defendant James Construction is a California limited liability company and its principal place of business is in California. Defendant Primoris Services is a Delaware corporation with its principal place of business in California.

3.2     The District Court may exercise general and specific personal jurisdiction over these Defendants because Defendant James Construction and Defendant Primoris Services had sufficient minimum contacts with the State of Texas, and the exercise of jurisdiction over these defendants comports with traditional notions of fair play and substantial justice. Defendants committed a tort in Texas and Plaintiffs' claims arise out of and are related to Defendants' contacts with Texas. Further, Defendant James Construction and Defendant Primoris Services have continuous and systematic contacts with Texas by, among other acts, soliciting business in Texas; contracting with Texas residents to provide and providing its construction services to clients in Texas; creating and maintaining a website indicating that Texas is part of its service area for the purpose of obtaining contracts and business in Texas; sending its employees and agents to work and train in Texas; and contracting with state, county, and local governments in Texas to perform construction work on and to Texas roadways. As a result of its regular business dealings in Texas, Defendants can reasonably expect to be brought into court in Texas. Defendants specifically performed construction work on the area of the highway on which Plaintiffs' decedent's vehicle was struck by another vehicle, causing the crash and death that are the subject of this litigation. Defendants may fairly be considered to be "at home" in Texas, and these causes of action arise specifically from Defendants' negligent and grossly-negligent acts and omissions committed in Texas.

3.3     Venue is proper before this Court under 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to this claim occurred in this District.

## IV.
## BACKGROUND

4.1     Defendant James Construction and Defendant Primoris Services performs construction services to repair roadways in Texas, including a stretch of northbound

Interstate Highway 35. The construction services included being in charge of highway construction, lighting, signage, and lane markings, all of which were required to comply with applicable construction standards.

4.2     On or about January 1, 2017, Brian Magenheimer faced a sudden emergency when his vehicle unexpectedly stalled on northbound I-35 in a roadway construction area within Defendants' realm of responsibility and control and upon which Defendants were actively constructing or repairing the roadway. Mr. Magenheimer safely navigated to the shoulder.

4.3     Thereafter, a northbound 18-wheeler entered Defendants' construction zone and approached the disabled Magenheimer vehicle on the roadway's right outer shoulder.

4.4     Defendants designed the northbound mainlane roadway with temporary reflectorized raised pavement markers, many of which were missing and/or misplaced, according to the Traffic Control Plan sheet for the layouts required for construction by Defendants.

4.5     Defendants' failures, including but not limited to, their failure to use and maintain adequate and appropriate roadway mainlane markings, created an improper shift in traffic, which caused the driver of the approaching 18-wheeler to be unable to navigate the dark roadway, enter the shoulder, and smash into the rear of the disabled Magenheimer vehicle. Brian Magenheimer sustained serious injuries in the crash before succumbing to his injuries at the crash scene.

4.6     As a result of this collision, Mr. Magenheimer suffered severe physical pain, debilitating injuries, conscious pain and suffering, and a fatal head injury.

4.7     Defendants' negligence and gross negligence proximately caused Mr. Magenheimer's injuries and death and Plaintiffs' injuries. Therefore, Plaintiffs bring suit on the following grounds:

**V.**
**CAUSES OF ACTION AGAINST DEFENDANTS JAMES CONSTRUCTION AND
PRIMORIS SERVICES: NEGLIGENCE AND GROSS NEGLIGENCE**

5.1     Plaintiffs incorporate all of the foregoing paragraphs as though set forth fully herein.

5.2     By contract, Defendants were required to exercise control over the premises on the date of the incident in question in accordance with their contract with TXDOT. Defendants were negligent in failing to maintain and construct a safe construction zone, including failing to complete the project as required, failing to have proper signage, failing to have proper roadway markings, and other acts of negligence.

5.3     Defendants were the general contractors on the roadway project where the collision occurred and were responsible for the safety of the construction zone. Defendants were obligated to comply with a contract entered into with the Texas Department of Transportation ("TXDOT") that required and imposed ongoing duties and compliance for Defendants. Defendants failed to comply with their construction contract by failing to properly install and maintain lighting, signage, and lane markings, including, but not limited to, reflectorized raised pavement markers, thereby obfuscating the proper lanes of travel and/or improperly directing traffic onto the shoulder and/or failing to ensure traffic remain in travel lanes instead of on the shoulder.

5.4     Defendants' failures created an unreasonable risk of harm to Mr. Magenheimer and to others. Defendants were required by law and by their contract with TXDOT to remedy and eliminate such dangerous conditions—*e.g.*, the inadequate lighting and signage and the inadequately and improperly installed and maintained reflectorized raised pavement markers. Defendants had a further duty and responsibility under their contract to install, maintain, and replace all traffic control devices. Defendants knew and should have known of the dangerous condition, yet Defendants breached their duty of

ordinary care by both failing to adequately warn of the condition and by failing to make the condition reasonably safe. Brian Magenheimer and the travelling public did not know about the dangerous condition.

5.5     Defendants actions or omissions, whether taken singularly or in any combination, were the proximate and producing cause of injuries and resulting death of Brian Magenheimer and Plaintiffs' damages described hereinafter with more particularity and for which Defendants are jointly and severally responsible.

## VI.
### DAMAGES/ESTATE DAMAGES/WRONGFUL DEATH DAMAGES

6.1     Plaintiffs incorporate all of the foregoing paragraphs as though set forth fully herein.

6.2     As a result of the injuries to and death of Brian Magenheimer, his estate sustained survival damages including conscious physical pain and mental anguish suffered by him prior to his death. The estate also incurred medical bills.

6.3     As a result of the injuries to and death of Brian Magenheimer, his wife and adult child suffered wrongful death damages for which they seek damages under Texas law for loss of companionship and society, and mental anguish.

6.4     In addition to the foregoing damages, Defendants' acts and/or omissions were a proximate and the producing cause of the following injuries suffered by Plaintiffs and decedent Brian Magenheimer:

      a)     Actual damages;

      b)     Loss of affection, consortium, companionship, society, comfort, and care;

      c)     Pain and suffering and mental anguish suffered by Brian Magenheimer prior to his death;

d)      Mental anguish and emotional distress suffered by Plaintiffs;

e)      Loss of quality of life;

f)      Funeral and burial expenses;

g)      Exemplary and punitive damages as set forth more fully below;

h)      Costs of court; and

i)      Prejudgment and post-judgment interest as set forth more fully below.

6.5     Plaintiffs seek unliquidated damages in an amount that is within the jurisdictional limits of the Court.

## VII.
## EXEMPLARY DAMAGES

7.1     Plaintiffs incorporate all of the foregoing paragraphs as though set forth fully herein.

7.2     Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Brian Magenheimer and to others.

7.3     Defendants had actual subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Brian Magenheimer and of others.

7.4     Therefore, for such negligence involving extreme risk and conscious indifference of Defendants, Plaintiffs seek exemplary damages in an amount to be determined appropriate by the jury at trial.

## VIII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

8.1     Plaintiffs seek prejudgment and post-judgment interest at the highest rate allowed by law.

## IX.
## REQUEST FOR JURY TRIAL

9.1     Plaintiffs request a jury trial and have tendered the appropriate fee.

## X.
## CONDITIONS PRECEDENT

10.1    All conditions precedent have occurred or have been performed.

## PRAYER

Plaintiffs pray that, upon final trial by jury, they recover judgment of and from said Defendants for their actual damages, in such amount as the evidence may show and the jury may determine proper, together with prejudgment interest, post-judgment interest, costs of suit, attorney's fees, exemplary damages, and such other and further relief to which Plaintiffs may show themselves to be justly entitled, whether at law or in equity.

Respectfully submitted,

LILES WHITE PLLC
500 N. Water St., Suite 800
Corpus Christi, Texas 78401-0232
Phone:  361.826.0100
Fax:  361.826.0101

By:     /s/ Stuart R. White
        Kevin W. Liles
        State Bar No. 00798329
        Federal Bar No. 21501
        kevin@lileswhite.com
        Stuart R. White
        State Bar No. 24075268
        Federal Bar No. 1144883
        stuart@lileswhite.com

        *ATTORNEYS FOR PLAINTIFF*